IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VERONICA ANDERSON, § § Plaintiff, § § v. § § SENIOR LIVING PROPERTIES, § LLC § § Defendant. § § § | Civil Action No. H-13-211 |

## ORDER

Pending before the Court is the Motion to Compel Arbitration and Stay Proceedings (Document No. 6), filed by Defendant Senior Living Properties, L.L.C. Having considered this motion and the applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is an employment discrimination case. Plaintiff Veronica Anderson ("Anderson") was employed by Defendant Senior Living Properties, L.L.C. ("Senior Living") as a Licensed Vocational Nurse ("LVN"). Anderson filed the pending lawsuit, alleging that Senior Living violated the Age Discrimination in Employment Act ("ADEA"). Senior Living now moves to compel arbitration and stay the pending litigation, contending that Anderson entered into an arbitration agreement (the

"Arbitration Agreement") with Senior Living in July 2010, to be eligible for the Employment Protection Plan offered by Senior Living. Senior Living argues that the Arbitration Agreement required that all disputes against Senior Living that alleged violation of federal law, including age discrimination claims, must be arbitrated. Anderson has not responded to the motion to compel. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4.

## II. LAW & ANALYSIS

*A.     Arbitration: The Legal Standard*

The Federal Arbitration Act (the "FAA") allows a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition the Court and move to compel arbitration. 9 U.S.C. § 4; *Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490, 493 (5th Cir. 2006). Upon finding that a valid arbitration agreement exists and that one of the parties has failed to comply with the arbitration agreement, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. It is well established that when the parties have agreed to submit to binding arbitration, the court must compel arbitration—"the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts

*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Courts employ a two-step analysis to determine whether a motion to compel arbitration should be granted. "First, a court must determine whether the parties agreed to arbitrate the dispute in question. Second, a court must determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (internal citations and quotation marks omitted). When determining whether the parties agreed to arbitrate, the Court must consider "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* (internal citations and quotation marks omitted).

B.   *Application*

Senior Living has filed the Arbitration Agreement, which was signed by Anderson on July 9, 2010, and a Senior Living representative on July 12, 2010, with the Court as part of its motion to compel.[1] Anderson does not contest the validity of the agreement. The Arbitration Agreement specifically states:

---

[1] *Motion to Compel Arbitration and Stay Proceedings*, Document No. 6, Exhibit A (Arbitration Agreement).

3

> The Company [Senior Living] and employee (also known as the "Parties") hereby agree to voluntarily promise and irrevocably agree . . . to arbitrate any dispute or claim arising or related to employment; performance under of the interpretation of this agreement; any account, credit or ownership interest employee asserts or maintains with the Company. The Parties further agree that arbitration pursuant to this Agreement shall be the final, sole and exclusive remedy for resolving any such claims or disputes and that a judgment on the award shall be entered, upon application within one year of the award, by a party, to the county court having appropriate jurisdiction wherein the Company is located.[2]

The Court determines that this language indicates a clear agreement between the parties to arbitrate, and as such, the parties have entered into a valid agreement to arbitrate. Further, the Arbitration Agreement sets forth the claims covered by the Agreement:

> Claims and disputes covered by this Agreement shall include, but not be limited to, claims by employee against the Company . . . [for] [a]ny alleged violation of federal, state or local laws, ordinances, regulations or statutes prohibiting adverse or disparate treatment, hostile working environment, or other statutorily protected right, because of a protected status, such as and without limitation to, race, sex, national origin, pregnancy, **age**, disability . . . retaliation or harassment.[3]

The Court finds that this language unequivocally indicates that the pending action, a claim of age discrimination made by Anderson against Senior Living, falls within

---

[2] *Motion to Compel Arbitration and Stay Proceedings*, Document No. 6, Exhibit A (Arbitration Agreement).

[3] *Motion to Compel Arbitration and Stay Proceedings*, Document No. 6, Exhibit A (Arbitration Agreement).

the scope of the Arbitration Agreement. Having found that a valid arbitration agreement exists between the parties and that the dispute at issue falls within the scope of the agreement, the Court determines that the parties have agreed to submit the pending claims to arbitration.

Anderson, having failed to respond to the motion to compel, has not indicated any external legal constraints that foreclose arbitration, nor is the Court independently aware of any. Therefore, based on the motion submitted by Senior Living, the language of the parties' executed Arbitration Agreement, and the applicable law, the Court finds that the claims alleged in this lawsuit must be submitted to binding arbitration pursuant to the parties agreement.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Motion to Compel Arbitration and Stay Proceedings (Document No. 6) is **GRANTED**. The Court further

**ORDERS** that the parties shall submit to arbitration pursuant to the terms of the Arbitration Agreement submitted as Exhibit A to Defendants' motion to compel arbitration. The Court further

**ORDERS** that this case is hereby stayed, pending the completion of arbitration as ordered by this Court. The Court further

**ORDERS** that the case is administratively closed. If necessary, either party may move for the Court to reopen the case. Pending motions, if any, must be re-urged at that time. Failure to re-urge any motions will result in the Court deeming them to have been waived.

SIGNED at Houston, Texas, on this **25** day of April, 2013.

_____
DAVID HITTNER
United States District Judge